## WARREN HUBBARD, JR. *vs.* EDMUND BLISS.

If personal property has been sold and conveyed on a condition which is afterwards broken by the purchaser, the original owner may by a new sale convey a valid title to a new purchaser without first taking actual manual possession of the property.

REPLEVIN. Both parties claimed title under a sale from Waren Hubbard, Senior. The sale to the plaintiff was the earlier in date, and was upon the same conditions contained in the deed referred to in the preceding case. Under this sale the plaintiff took possession of the property until after the sale to the defendant, which was made in consequence of the alleged breach of the condition of the sale to the plaintiff. The plaintiff, at the trial in the superior court, before *Vose*, J., contended, in addition to the grounds taken by him in the preceding case, that the defendant could not avail himself of any such breach of condition; but the judge ruled otherwise on this point, and in other

respects instructed the jury as in the preceding case. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*H. Morris,* for the defendant.

*G. M. Stearns,* for the plaintiff.

HOAR, J. The exceptions in this case are sustained for the same reasons given in the opinion in the preceding case.

The further point is taken by the plaintiff, that upon the breach of the condition no right of property could be transferred which would enable Bliss to defend this action. But the right of property and right of possession would both vest in the original owner, upon breach of the condition. No authority is found for the doctrine that the property must be taken into the actual manual control of its owner before he can sell it. It is not a mere right of action, even while the goods are in the hands of another. The defendant, having taken possession, was entitled to retain it. *Exceptions sustained.*